**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE R. SOLANO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ORANGE KANGAROO, LLC, et al.,<br><br>　　　　　　Defendants. | Case No. SA CV 24-01587-DMG (PD)<br><br>**ORDER ACCEPTING REPORT AND ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, the motions to dismiss the Complaint filed by Defendants Orange Kangaroo, LLC, Harrison Won, Yoomi Won, Steven D. Silverstein, and David Cunningham (collectively, the "Orange Kangaroo Defendants") and by Defendants Western Progressive Trustee, LLC d/b/a Western Progressive, LLC, Yosemite Lopez, and Karita Robinson (collectively, the "Western Progressive Defendants"), Plaintiff's motion to strike the Western Progressive Defendants' motion to dismiss, Plaintiff's motion for sanctions against the Western Progressive Defendants' counsel, the Western Progressive Defendants' reply to Plaintiff's non-opposition to their motion to dismiss and oppositions to Plaintiff's motions to strike and for sanctions, Plaintiff's replies to the Western

Progressive Defendants' oppositions to his motions to strike and for sanctions, the records on file, the Report and Recommendation of United States Magistrate Judge ("Report"), and Plaintiff's late objections to the Report. [Doc. ## 1, 21 to 21-2, 33 to 33-3, 46, 47, 49, 50, 51, 52, 53, 62, 63.] The Court has engaged in a *de novo* review of the portions of the Report to which Plaintiff has objected.

In this action, Plaintiff alleges a fraudulent trustee deed upon sale of real property in Los Angeles, California, and the subsequent unlawful eviction of Plaintiff from the property. [Doc. # 1 at 1, 7.] The Report recommends the grant of Defendants' motions to dismiss and the denial of Plaintiff's motions to strike and for sanctions. [Doc. # 62.] Plaintiff's objections to the Report [Doc. # 63] do not warrant a change to the Report's proposed findings or recommendations.

Plaintiff objects that the Magistrate Judge exceeded her authority by issuing a dispositive recommendation without Plaintiff's consent. [Doc. # 63 at 4, 5.] To the contrary, the Magistrate Judge issued no decision on a dispositive matter. Rather, in accordance with the Federal Magistrates Act, the Magistrate Judge properly heard and determined pretrial matters and then filed proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1).

Plaintiff objects that the Magistrate Judge erred in applying Local Rule 7-12, based on Plaintiff's failure to oppose Defendants' motions to dismiss. [Doc. # 63 at 4, 5.] Specifically, Plaintiff objects that he did file two written oppositions, a motion to strike, and a sanctions motion. *Id.* To the contrary, none of these four filings qualified as an opposition to the motions to dismiss. All four filings involved Plaintiff's arguments for his motions to strike and for sanctions, which were not responsive to the motions to dismiss. [Doc. ## 46–47, 52–53.] Thus, the Report properly recommended dismissal under Local Rule 7-12. Moreover, the Report did not rely solely on Local Rule 7-12 to

1  recommend dismissal, but it also gave several other well-supported reasons
2  for dismissal, including the existence of an earlier, still-pending action
3  involving the same transactional nucleus of operative facts. [Doc. # 62 at 20–
4  30.]  Plaintiff fails to offer persuasive objections to these other reasons.

     Plaintiff objects that the Report mischaracterizes and summarily dismisses his well-pleaded federal claims under 42 U.S.C. §§ 1983, 1985, 1986, and the RICO Act. [Doc. # 63 at 4, 6.]  Specifically, Petitioner objects that the Report did not address the "pattern of alleged fraud," the "acts of collusion among private and potentially state-connected actors," and the "specific harms documented with evidence in the complaint." *Id.* at 6. To the contrary, these allegations are insufficient to state a claim.  First, Plaintiff's allegation of a pattern of fraud, for a RICO claim [Doc. # 1 at 22], is based on conclusory assertions without satisfying the heightened pleading requirement for fraud and without sufficient allegations of an enterprise, the nature of the enterprise, Defendants' roles in the enterprise, or a pattern of racketeering activity.  Second, Plaintiff's allegation of acts of collusion among private and potentially state-connected actors, for a 42 U.S.C. § 1983 claim (*id.* at 18), relies on the erroneous assumption that the use of state-law processes by private parties transforms their acts into state action.  Third, Plaintiff's allegation of specific harms is not responsive to the Report's several detailed reasons for why dismissal of Plaintiff's claims against these Defendants is warranted.  [Doc. # 62 at 20–30.]

     Plaintiff objects that the Magistrate Judge demonstrated prejudicial conduct sufficient to require recusal. [Doc. # 63 at 4, 6.]  As the Court explained in an earlier order, this objection, which is based only on Plaintiff's dissatisfaction with the Magistrate Judge's proposed findings and recommendations, is baseless. [Doc. # 66.]

The Court accepts the findings and recommendations of the Magistrate Judge and adopts them as its own findings and conclusions.

IT IS THEREFORE ORDERED as follows:

1. The Orange Kangaroo and Western Progressive Defendants' Requests for Judicial Notice are granted [Doc. ## 21-2; 33-1 to 33-3];

2. Plaintiff's Motion to Strike Defendants' Late Filed Motion to Dismiss and Request for Judicial Notice is denied [Doc. # 46];

3. Plaintiff's Motion for Sanctions Under Rule 11 Against Counsel for Western Progressive, LLC is denied [Doc. # 47];

4. Plaintiff's failure to timely file Oppositions to the Orange Kangaroo and Western Progressive Defendants' Motions to Dismiss is deemed consent to the granting thereof;

5. The Orange Kangaroo Defendants' Motion to Dismiss is granted [Doc. # 21, 21-1];

6. The Western Progressive Defendants' Motion to Dismiss is granted [Doc. # 33];

7. The Third, Fourth, Fifth, Sixth, and Seventh causes of action for violations of 42 U.S.C. §§ 1981, 1983, 1985, and 1986 and the RICO Act against the Orange Kangaroo Defendants and the Western Progressive Defendants are dismissed with prejudice; and

8. The First, Second, Eighth, Ninth, Tenth, Eleventh, Twelfth, and Thirteenth causes of action against the Orange Kangaroo Defendants and Western Progressive Defendants are dismissed without prejudice.

DATED: March 31, 2025

_____
DOLLY M. GEE
CHIEF UNITED STATES DISTRICT JUDGE