**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE R. SOLANO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ORANGE KANGAROO, LLC, et al.,<br><br>　　　　　Defendants. | Case No. SA CV 24-01587-DMG (PD)<br><br>**ORDER ACCEPTING REPORT AND ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the following three motions filed by Plaintiff Jose R. Solano ("Plaintiff"): (1) motion for reconsideration of Order and Judgment under Local Rule 7-18 and Federal Rule of Civil Procedure 59(e) [Doc. # 69]; (2) motion to set aside Judgment pursuant to Federal Rule of Civil Procedure 60(b) [Doc. # 73]; and (3) request for certification of Interlocutory Appeal under 28 U.S.C. § 1292(b) [Doc. # 72]; Defendants Western Progressive Trustee, LLC d/b/a Western Progressive, LLC, Karita Robinson and Yosemite Lopez's oppositions to the motions [Doc. ## 77–79]; Plaintiff's replies [Doc. ## 81–83]; Plaintiff's notice of non-opposition by the Orange Kangaroo Defendants [Doc. # 84]; the records on file; the Report and Recommendation of United States Magistrate Judge (the "Report" [Doc. # 86]); and

Plaintiff's Objections to the Report [Doc. # 89].

The Court has engaged in a *de novo* review of the portions of the Report to which Plaintiff has objected. The Report recommends denial of Plaintiff's motions. Plaintiff's objections to the Report do not merit any change to the Report's findings or recommendations.

Plaintiff objects that the Report failed to acknowledge his earlier oppositions to Defendants' motion to dismiss. Obj. at 2, 5–6. On the contrary, the filings to which Plaintiff refers were not oppositions to a motion to dismiss. Rather, they were Plaintiff's replies to Defendants' oppositions to Plaintiff's motion for sanctions and to Plaintiff's motion to strike. [Doc. ## 52, 53.] Moreover, the Magistrate Judge did not recommend dismissal solely because of Plaintiff's failure to file an opposition, but because of other, independent reasons. In particular, Plaintiff was pursuing a nearly identical action in federal court that was first in time and also was pursuing a similar action in state court. [Doc. # 62 at 20–30.]

Plaintiff objects that the Magistrate Judge failed to properly apply Local Rule 7-12 by overlooking procedural defaults by Defendants. Obj. 89 at 2, 6–7. Specifically, Plaintiff objects that Defendants failed to object to Plaintiff's motions for reconsideration and motion for certification of interlocutory appeal. *Id*. at 6 (citing Doc. ## 69, 70, 72, and 73). On the contrary, Defendants did oppose each of Plaintiff's motions. [Doc. ## 77, 78, 79.] Thus, Local Rule 7-12 did not apply to these motions.

Plaintiff objects that he was not granted an opportunity to amend. Obj. at 3, 7–8. As the Magistrate Judge previously explained, however, denial of leave to amend was proper because, for example, his claims reflected a misunderstanding of the law, such as his characterization of acts by private parties as state action. Doc. # 62 at 24–26. Moreover, amendment was improper because Plaintiff had a nearly identical action pending in federal court that was first filed in Case No. 2:24-cv-

00281-MEMF-AJR, as well as a pending action in state court in Case No. 24STCV18083. Report at 9. Denial of leave to amend and dismissal of the action were appropriate under these circumstances. *Id.* (citing *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (recognizing the broad discretion of district courts to control their dockets, which includes the "discretion to dismiss a duplicative later-filed action"), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008)).

Plaintiff objects that the entry of final judgment was improper because several of his claims were dismissed without prejudice. Obj. at 3, 8–9. As support, Plaintiff cites *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*). *Id*. at 8. But Plaintiff's "reliance is misplaced. *WMX Technologies* merely held that when a *complaint* is dismissed with leave to amend, the order is non-final and not appealable in the absence of a further order terminating the action. Here, however, [Plaintiff's] *action* was dismissed. . . . The dismissal of an action, even when it is without prejudice, is a final order. The action that [Plaintiff] filed . . . is over as far as the district court is concerned." *De Tie v. Orange Cnty.*, 152 F.3d 1109, 1111 (9th Cir. 1998) (emphasis in original, internal citation omitted).

Plaintiff objects that the Magistrate Judge should have been recused for the appearance of partiality. Obj. at 3, 9. The basis of the objection is the Magistrate Judge's allegedly erroneous rulings. *Id*. at 9. The Court has repeatedly explained to Plaintiff why this is not a legally sufficient basis for recusal, and the explanation continues to apply. [Doc. ## 66, 90.]

Plaintiff objects that the Report's analysis of his motion for reconsideration under Fed. R. Civ. P. 60(b) is legally flawed and factually unjust. Obj. at 3, 9–10. Plaintiff alleges he is entitled to relief under Rule 60(b) for the reasons discussed above: the alleged mischaracterizations of his oppositions to Defendants' motion to

dismiss, Defendant's alleged failure to file oppositions to Plaintiff's post-judgment motions, the denial of the recusal of the Magistrate Judge, and the denial of leave to amend. *Id*. at 10. Because these grounds for reconsideration lack merit as discussed above, the Report's analysis of Plaintiff's Rule 60(b) motion was not legally flawed or factually unjust.

Plaintiff objects that the Report repeatedly failed to adhere to the Local Rules. Obj. at 10–11. Specifically, Plaintiff argues that Local Rule 7-12 should have been applied in his favor because Defendants filed no oppositions to his post-judgment motions, while Plaintiff did file oppositions to Defendants' motion to dismiss. *Id*. at 10. As discussed above, Plaintiff's characterization of the record is inaccurate. Defendants did file oppositions to Plaintiff's post-judgment motions, while Plaintiff did not file oppositions to Defendants' motion to dismiss. Doc. ## 52–53, 77–79. Thus, Plaintiff's allegation of misapplication of the Local Rules is unfounded.

Plaintiff objects that he was denied procedural due process because he did not receive fair notice and a meaningful opportunity to be heard. Obj. at 3, 11. The Court agrees with the Report's rejection of this claim. "The Court considered and rejected all the arguments raised by Plaintiff, including arguments in his motion to strike and motion for sanctions, reviewed Plaintiff's objections to the Report, and explained in the Order Accepting the Report why Plaintiff's objections do not warrant a change to the Report and thereafter entered Judgment. Plaintiff received due process and the Court properly dismissed the Complaint without leave to amend." Report at 15.

The Court accepts the findings and recommendations of the Magistrate Judge and adopts them as its own findings and conclusions.

IT IS THEREFORE ORDERED as follows:

(1) Plaintiff's Motion for Reconsideration of Order and Judgment under Local Rule 7-18 and Federal Rule of Civil Procedure 59(e) is **DENIED**;

(2) Plaintiff's Motion to Set Aside Judgment pursuant to Federal Rule of Civil Procedure 60(b) is **DENIED**; and

(3) Plaintiff's Request for Certification of Interlocutory Appeal under 28 U.S.C. § 1292(b) is **DENIED**.

DATED: January 14, 2026

                                                                 _____
                                                                 DOLLY M. GEE
                                                                 CHIEF UNITED STATES DISTRICT JUDGE